TORPY, J.
After suppressing evidence in this misdemeanor prosecution for alleged lewd conduct, the county court certified a question to us regarding the propriety of its ruling. We accept jurisdiction and rephrase the question as follows:
Whether this Court’s decision in Ward v. State, 636 So.2d 68 (Fla. 5th DCA 1994), compels the suppression of evidence resulting from a police officer’s observations of a defendant in a locked public restroom stall, when the defendant first makes non-verbal gestures inviting the officer to participate in lewd acts and the officer is able to observe the defendant through a crack in the stall without peering through the crack.
We answer the question in the negative, thereby distinguishing our decision in Ward.
Based on information received over the internet advertising a particular public restroom as a “hot spot” for lewd activity, Captain Gardner entered the restroom and occupied one of the stalls for the purpose of arresting would-be violators. Soon thereafter, Appellee entered the adjoining stall and began exhibiting non-verbal signs, which Captain Gardner, through his considerable expertise in these types of investigations, recognized as attempts to invite him to engage in lewd activity.[1] These actions included clearing his throat, sniffing and coughing, breathing heavily, repeatedly raising and lowering his zipper, tapping his foot and attempting to look under the partition. In response, Captain Gardner exited his stall and stood outside Appellee’s stall, whereupon he could see Appellee masturbating through the one and one-half inch void next to the stall door. When Appellee saw Captain Gardner looking, he opened the stall door inviting him inside. A discussion ensued suggesting that Appellee was inviting Captain Gardner to engage in lewd acts. Captain Gardner then arrested Appellee.
By pretrial motion, Appellee sought to suppress Captain Gardner’s observations of him in the stall, including the observation of Appellee masturbating. The county court heard the evidence and arguments and concluded that it was compelled to suppress the evidence under our decision in Ward. In doing so, the county court interpreted Ward to conclude that a locked *77 public toilet is a place where an individual has an expectation of privacy under all circumstances, thereby precluding police intrusion, absent probable cause to arrest. We think the judge misinterpreted Ward.
In Ward, a police officer stood close to a public bathroom stall and “peer[ed]” through a crack into the stall where he saw the defendant masturbating. Under those facts, we held that the officer’s actions constituted an unlawful intrusion into private space in violation of the Fourth Amendment. In so holding, we distinguished Moore v. State, 355 So.2d 1219 (Fla. 1st DCA 1978), because, in Moore, the officer did not have to “peep” to see into the stall through the crack. This case is like Moore, not Ward.
Ward is also distinguishable because, there, the defendant had not manifested any offer to commit a lewd act, as is the case here. “[T]he Fourth Amendment protects people, not places.” Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Thus, an individual claiming the protection of the Fourth Amendment must exhibit an expectation of privacy, both subjective and one that society views as reasonable. Here, Appellee did not exhibit an expectation of privacy because he affirmatively invited the intrusion through his non-verbal invitations.
Accordingly, the order granting Appel-lee’s motion to suppress is REVERSED.
PALMER, C.J., and GRIFFIN, J., concur.

. The trial court accepted Captain Gardner's interpretation of these gestures as reasonably based upon his peculiar expertise. This finding is not challenged on appeal.